## DURANT v. ABENDROTH et al.

*(Supreme Court, General Term, First Department.　May 18, 1888.)*

COSTS—EXTRA ALLOWANCE—WHEN GRANTED.

　　An action upon 19 causes of action acquired by plaintiff by assignment from the different persons in whose favor they were alleged to have existed, involving over $30,000, besides a large arrearage of interest, requiring an examination into the particular facts of each cause of action, is a difficult and extraordinary cause of action, within the meaning of the provision of the Code of Civil Procedure, authorizing an extra allowance in such case; and an extra allowance of $500 to defendant, who has succeeded upon 10 of the causes of action, will not be disturbed.

Appeal from circuit court, New York county; VAN BRUNT, Presiding Justice.

Action commenced September 16, 1878, by Charles W. Durant, as assignee of 19 different causes of action, against William P. Abendroth, John Griffith, and George W. Wundram, alleged to be copartners as Griffith & Wundram. Abendroth was the only defendant who appeared. He answered by alleging that Griffith and Wundram were the only general partners in the firm, and that he was merely a special partner; that Griffith and Wundram had been adjudicated bankrupts, and that all the claims set forth in the complaint which were valid were claims against the firm, incurred before the beginning of the bankruptcy proceedings, and provable against that firm in bankruptcy; that certain of the creditors then owning such claims had proved them in bankruptcy, and received their proportionate dividends. To five causes of action he pleaded the statute of limitations, and to five others that the claims had been assigned to him. These last mentioned are those to which the opinion refers as being like those in *Allison* v. *Abendroth,* 38 Hun, 586. The facts in regard to those claims were that Abendroth, who was then believed to be a special partner in the firm, but who, for failure to comply with the

statutory requirements in regard to special partnerships, has been held to be liable as a general partner, purchased from various creditors their claims against the firm, giving his notes therefor, at 25 cents on the dollar. Various defenses and counter-claims were interposed to other causes of action. The amount involved was over $30,000, besides interest running from various times between 1872 and 1876. One trial of the action resulted in favor of the defendant, but. the general term reversed the judgment, and ordered a new trial, directing the costs of the appeal to abide the event. Prior to the last trial, the original plaintiff died, and Frederick C. Durant, his executor, was substituted in his stead. On the last trial, a verdict was rendered, by the direction of the court, for plaintiff on nine causes of action, for defendant on seven causes of action, and three causes of action were dismissed. An allowance of 5 per cent. on the amount of the recovery was made to plaintiff, and one of $500 to defendant. From the judgment in favor of the defendant, and extra allowance of $500, the plaintiff appeals.

Argued before BRADY, P. J., and DANIELS, J.

*Carlisle Norwood, Jr.*, for appellant. *William H. Arnoux* and *David F. Butcher*, for respondent.

DANIELS, J. The trial included the disposition of 10 different causes of action. They were all disposed of by the court adversely to the plaintiff. The facts in five of the causes of action were substantially like those in the case of *Allison* v. *Abendroth*, 38 Hun, 586, upon which it was held by the general term that the plaintiff was not entitled to recover. This decision has since been affirmed by the court of appeals, and reported in 15 N. E. Rep. 606. These decisions leave no further ground of controversy as to the rights of the parties so far as they were presented by these five different causes of action. The other causes of action were disposed of upon other grounds arising upon the pleadings and the proofs. And, while numerous exceptions were taken to the directions given by the court for the disposition of these and the other causes of action, neither of them seems to be well founded, and upon neither has any special reliance been placed by the counsel in support of the appeal. As to the entire action, so far as it was considered at the trial, it seems to have been rightly disposed of, and the judgment should be affirmed. The complaint included 19 different causes of action, most, if not all, of which were acquired by the testator by assignments from the persons in whose favor they were alleged to exist. The trial of the action, as well as the preparation of the answer, required an examination into the facts of each of these causes of action; necessarily rendering the case both difficult and extraordinary, and for that reason a proper one for the exercise of the discretion given to the court to make an additional allowance of costs. The allowance which the court did make amounted to the sum of $500, which did not exceed the limits to which its discretion was subjected, for this purpose, by the Code. The order making the allowance, as well as the judgment, appears to have been supported by the facts of the case, and both should be affirmed, together with the sum of $10 costs, besides the disbursements on the appeal from the order.

BRADY, P. J., concurs.